# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **John Kenneth Watkins, III,**<br>Petitioner<br>-vs-<br>**Charles L. Ryan, et al.,**<br>Respondents | CV-09-1852-PHX-DGC (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State, filed through counsel a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 4, 2009 (Doc. 1, 2, 3, 4, 6, 7, 8, 9, 10).  On September 8, 2009, Petitioner filed an Errata (Doc. 14) concerning his Exhibits. On November 9, 2009 Respondents filed their Response (Doc. 21), which was limited to a statute of limitations, waiver, and failure to exhaust defense.  Petitioner filed a Traverse on January 3, 2010 (Doc. 24). On January 27, 2011 Petitioner filed a Motion to Dismiss (Doc. 25), and Respondents filed their Response on February 2, 2011 (Doc. 28).

The Petitioner's Motion to Dismiss is ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. STATE PROCEEDINGS

On June 13, 2003, Petitioner was indicted in the Maricopa County Superior Court on one count of sexual assault and one count of kidnaping, arising out of an incident occurring

on or about May 26, 2003. (Resp. Exhibit A-3.)[1] Petitioner had confessed to the crime to investigators, but at least since sentencing has steadfastly maintained that there was no physical evidence to connect him to the sexual assault, and that the confession he provided police was coerced and failed to fit the known facts of the crime, and that the victim had identified a different suspect.

Petitioner was simultaneously prosecuted in a separate case (CR2003-036881-001 SE) involving child pornography. (Pet. Exhibit 4, PCR Response at 3.) Petitioner does not challenge the conviction or sentence in that case.

On January 9, 2004, Petitioner entered into a written Plea Agreement (Pet. Exhibit 1; Resp. Exhibit A-49), in which Petitioner agreed to plead guilty to the sexual assault count, subject to a prison term and lifetime probation to be imposed in the child pornography prosecution. Petitioner describes this as a "coordinate plea agreement" that required Petitioner "to plead guilty to the sexual assault charge in order to obtain a promise of lesser sentencing on charges of child pornography." (Pet. Exhibit 5, PCR Reply at 9.) Petitioner entered a plea of guilty, and on March 26, 2004, Petitioner was sentenced to an aggravated sentence of 14 years in prison, as well as the lifetime probation in the child pornography case.

Petitioner did not file a direct appeal, but proceeded through two unsuccessful post-conviction relief proceedings.

On August 10, 2009, Petitioner and the Arizona Attorney General's Office filed a Joint Request for Court Order for DNA Testing. (Pet. Exhibit 36.) That request was granted on August 27, 2009. (Pet. Exhibit 37, Order 8/27/09.) According to the parties, that proceeding resulted in the dismissal, without prejudice, of the sexual assault conviction at issue in this habeas corpus proceeding, as part of a plea agreement in the other proceeding. (Notice/Motion of Dismissal, Doc. 25; Response, Doc. 28.)

//

---

[1] Exhibits to Respondents' Answer (Doc. 21) are referenced herein as "Resp. Exhibit ___." Exhibits to Petitioner's Petition (Doc. 1) are referenced herein as "Pet. Exhibit ___."

**E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 4, 2009 (Doc. 1).  Petitioner's Petition asserts the following five grounds for relief:

1. ineffective assistance of counsel as a result of counsel's failure to adequately investigate (*id.* at 25);

2. ineffective assistance of counsel as a result of counsel's failure to properly assess the risks of trial (*id.* at 31);

3. ineffective assistance of counsel as a result of the use of the "coordinated plea agreement" (*id.* at 32);

4. violation of *Apprendi/Blakely* based upon a judicial determination of the aggravating factor, "the emotional harm done to the victim" (*id.* at 33); and

5. violation of *Apprendi/Blakely* based upon the standard of proof used to find the aggravating factor (*id.* at 35).

**Response** - On November 9, 2009, Respondents filed their Answer (Doc. 21). Respondents argue that the Petition is barred by the statute of limitations, Petitioner's guilty plea is a bar to claims, that he failed to exhaust his state remedies on his claims in Ground 3 (package plea).  Respondents do not otherwise address the merits of the Petition.

**Reply** - On January 3, 2010, Petitioner filed a Reply (Doc. 24).  Petitioner argues that his Petition was timely, his claims are not barred by his guilty plea, and that his claims in Ground 3 were presented in his petition for review in his first PCR proceeding.

**Supplements** - In a subsequently vacated Order filed January 28, 2011 (Doc. 26), Respondents were ordered to supplement their response to address the merits of certain grounds, and the procedural default of others.

**Motion to Dismiss** - On January 27, 2001, Petitioner filed a "Notice of Voluntary Dismissal" (Doc. 25), advising the Court of the dismissal of the instant conviction and his release from all custody thereon.  Petitioner purported to withdraw the Petition.

Because an Answer had already been filed, the Court construed Petitioner's "Notice"

as a motion to dismiss pursuant to Rule 41(b), Federal Rules of Civil Procedure, and directed a response from Respondents.

On February 2, 2011, Respondents filed their Response (Doc. 28) to the motion, arguing that the vacating of the conviction and the release of Petitioner from all custody thereunder rendered the instant proceeding moot, and thus requesting a dismissal of the action with prejudice.

Petitioner has not replied.

### III. APPLICATION OF LAW TO FACTS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id.* A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition is generally rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams,* 455 U.S. 624 (1982). While the existence of such collateral consequences is usually presumed in habeas challenges to criminal convictions following a simple release from custody, *see e.g., Fiswick v. United States,* 329 U.S. 211 (1946) (immigration consequences); *Sibron v. New York,* 392 U.S. 40 (1968) (impeachment, harsher future sentencing); *United States v. Morgan*, 346 U.S. 502 (1954) (recidivist sentencing consequences); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), a complete vacating of the challenged conviction eliminates such collateral consequences. Petitioner points to no

collateral consequences in this case.

The capable-of-repetition doctrine applies (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *See Lewis v. Contintentla Bank Corp.*, 494 U.S. 472, 481 (1990). No reason appears here to presume the doctrine would apply.

Accordingly, the undersigned concludes that the Petition has been rendered moot, and should be dismissed with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on the merits of the petition.  Here, under the reasoning set forth herein, the underlying constitutional claims are plainly without merit, inasmuch as they are now moot.  Accordingly, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Motion to Dismiss ("Notice of Voluntary Dismissal"), filed January 27, 2011 (Doc. 25 ) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** and that Petitioner's Petition for Writ of Habeas Corpus, filed September 4, 2009 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of

1 the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),
2 and will constitute a waiver of a party's right to appellate review of the findings of fact in an
3 order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins*
4 *v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

6 DATED: March 11, 2011  _____
7                                                    JAY R. IRWIN
                                           United States Magistrate Judge

S:\Drafts\OutBox\09-1852-001r RR 11 02 18 re HC MTD.wpd